SOPHIA L. BENNETT, ADMINISTRATRIX, V. APSLEY RUBBER COMPANY.

FILED APRIL 8, 1898.   No. 7783.

Sales: RESCISSION: FRAUD: EVIDENCE. In an action to rescind a sale of goods for fraud practiced by the purchaser, where reliance was placed on reports of a commercial agency, evidence reviewed and *held* insufficient to show any false representations or any fraud.

ERROR from the district court of Douglas county. Tried below before BLAIR, J. *Reversed.*

*Cowin & McHugh, W. W. Morsman,* and *Montgomery & Hall,* for plaintiff in error.

*Hall, McCulloch & Clarkson,* contra.

IRVINE, C.

This was an action in replevin, whereby the Apsley Rubber Company sought the recovery of certain goods

from George A. Bennett, sheriff of Douglas county, who had seized them under writs of execution against the Omaha Rubber Company. The Omaha Rubber Company had bought the goods from the plaintiff, and the ground of rescission was that the sale had been procured by fraud. The plaintiff had a verdict.

The verdict receives no support whatever in the evidence. While the goods were received by the Omaha company a very short time before its failure, they had been purchased several months before, and there is no evidence tending to show that the purchaser then knew itself to be insolvent, or that it was so, or that it contemplated insolvency. The only witnesses by whom it was sought to show any false representations by the purchaser communicated to the plaintiff were the salesman who made the sale and Mr. Apsley, the president of plaintiff. The salesman said that an officer of the Omaha company told him they had recently had a fire and had secured a good adjustment of the insurance. It was not shown that this statement was false, or that it was in any way relied on in making the sale. The salesman further testified that no further statement was made to him and that he made no inquiries; that, as usual, he left the matter of credit to be determined by others when the order reached his house. Mr. Apsley testified that he asked for a report from R. G. Dun & Co. and that in extending credit he relied entirely on that report. It is not shown what was contained in the report so by him received and relied upon. An effort was made to show that the Omaha company had made certain statements to Dun & Co. Only one of these was admitted in evidence, and there was no proof justifying the admission of any other. The statement admitted was in the form of a report made to the Omaha office of Dun & Co. by one of its reporters. and was as follows: "December 22, 1892. J. Hurd Thompson, secretary, says the year has been a prosperous one in both wholesale and retail departments. The volume of trade for the year will be larger than that of any

preceding winter months, and profits will be correspond-ingly satisfactory.   A year ago they owed nothing at bank, for the reason that the adjustment of their fire loss and subsequent sales brought in cash to take up their indebtedness.   They have a line of $15,000 and upwards at bank, and are within two or three thousand dollars of the limit.   Their standing is not questioned, however, and it is expected that their annual statement will show a very positive growth in resources.   Previous estimates of net worth are maintained."   The reporter testified that this statement down to "they have a line of $15,000 and upwards at bank" was made by Thompson, that Thomp-son probably told him the extent of their bank credit, but that he verified it by inquiry at the bank.   The rest of the statement was his own conclusion drawn from other sources.   There is not a syllable tending to show that any of this statement was false,—certainly not that any state-ment of fact was false,—although it is perhaps infer-able from the fact of the failure that some of the prog-nostications of the commercial agency, for which the Omaha company was not responsible, were not realized. Moreover, there is no evidence to show that this state-ment was communicated to the plaintiff.

It is said that for a long time before the failure the Omaha company had been owing the Goodyear India Rubber Glove Manufacturing Company, one of the exe-cution creditors, a large amount, and that this fact was not made known to the plaintiff, nor was it stated in any report made to Dun & Co.   But there is nothing to show that any inquiry was made either by plaintiff or by Dun & Co. with reference to any indebtedness.   The report in evidence refers to the existing indebtedness to the bank alone, and that information did not come from the debtor.

The foregoing substantially covers the whole case as it went to the jury, and it will be seen that there was not a scintilla of evidence whereon to found a verdict for the plaintiff.

REVERSED AND REMANDED.